UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARDO MOSS,

    Plaintiff,

CASE NO. 1:09-cv-499

v.

HON. ROBERT J. JONKER

MICHIGAN DEPT. OF CORRECTIONS, *et al.*,

    Defendants.
_____/

## ORDER ADDRESSING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 48) and Plaintiff's Objections to it (docket # 49). Defendants have not objected. Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants' motion for summary judgment (docket # 37) be granted in part and denied in part. Specifically, the Report recommends that the Court deny Defendants' motion as to two of Plaintiff's claims: assault and battery and cruel and unusual conditions under the Eighth Amendment. As to Plaintiff's remaining three claims (excessive force under the Eighth Amendment, Eighth Amendment indifference to a medical need, and gross negligence), the Report recommends that the Court dismiss them. After a de novo review of the record, the Court approves and rejects the Report and Recommendation in part.

I.  BACKGROUND

Plaintiff brought suit under 42 U.S.C. § 1983 against the three individual Defendants,[1] based on two particular grievances. First, Plaintiff alleges that Defendants assaulted him on July 19, 2009, while depositing him in his cell. Plaintiff subsequently informed Defendants that he needed medical attention for injuries he allegedly sustained during this interaction, and Defendants denied his requests. Plaintiff admitted during his deposition that Defendant Gardner was not present during this alleged altercation, and the Magistrate Judge dismissed the claims based on this incident against Defendant Gardner. Plaintiff did not challenge the dismissal in his objections. Plaintiff's second grievance is that Defendants, specifically Defendant Gardner, threw food or food trays on the floor and at him. Plaintiff also stated during his deposition that his food often contained bodily fluids. Plaintiff brought five claims based on these two incidents: 1) assault and battery under state law; 2) violation of the Eighth Amendment's prohibition on excessive force; 3) deliberate indifference to medical needs under the Eighth Amendment; 4) unconstitutional conditions of confinement under the Eighth Amendment; and 5) gross negligence under state law.

---

[1] The Court dismissed the Michigan Department of Corrections based on the parties' stipulation (docket # 16). The complaint listed one Defendant as Defendant Nair, but that Defendant's last name is Hair.

Two of Plaintiffs' claims can be addressed without extensive discussion. First, the Magistrate Judge recommended that the assault and battery claims against all Defendants survive, particularly because none of the Defendants presented any argument or authority supporting summary judgment in their favor on this count. Defendants have not objected to the Magistrate Judge's recommendation. Accordingly, the Court adopts the Recommendation, and the assault and battery cause of action against all Defendants survives summary judgment. Second, the Court finds persuasive the Magistrate Judge's analysis of Plaintiff's gross negligence claims against Defendants. Plaintiff's allegations and deposition describe intentional behavior by Defendants, not negligence. Accordingly, the Court adopts the Recommendation as to this claim. Plaintiff's remaining three claims require additional analysis.

## II.   EXCESSIVE FORCE

"The Eighth Amendment prohibits punishments that 'involve the unnecessary and wanton infliction of pain,' including inflictions of pain that 'are totally without penological justification.'" *Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). In prison, "good faith use of physical force may be necessary to maintain prison security and discipline." *Id*. (quoting *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992)). "[A]ll facts and circumstances surrounding the application of force must be scrutinized and weighed." *Williams*, 981 F.2d at 906. "[T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Lockett*, 526 F.3d at 875 (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). A district court's analysis "must be carefully circumscribed to

take into account the nature of the prison setting in which the conduct occurs and to prevent a prison official's conduct from being subjected to unreasonable *post hoc* judicial second-guessing." *Id*. (quoting *Parrish v. Johnson*, 800 F.2d 600, 605 (6th Cir. 1986)).

The Court agrees with the Magistrate Judge that, viewing the evidence in the light most favorable to Plaintiff, Defendants King and Hair did not have a reason to use physical force, since Plaintiff complied with their orders. There was no penological need for the use of physical force in delivering a compliant prisoner to his cell, when there were no other disturbances in the prison, the prisoner was thoroughly shackled, and the officers outnumbered the prisoner three to one. The Court does not adopt the Recommendation that Defendants be granted summary judgment on this claim, however, because the Court finds that Plaintiff has presented evidence that the force used and the extent of the injury rises to the level of a constitutional violation.

Plaintiff alleged more than a minimal use of force, stating in his deposition that Defendants pulled his arm through a slot in the prison door, yanked on the arm, and punched it six times. Another inmate stated, under oath, that he heard banging and slapping, Plaintiff yelling, and Plaintiff requesting that Defendants quit pushing him. According to Plaintiff, he suffered significant injury, claiming that his arm was pulled out of his socket. The Magistrate Judge states that Plaintiff's claims are "blatantly contradicted by the record," citing to *Scott v. Harris*, 550 U.S. 372, 380 (2007). Yet in *Scott*, the record contained a "videotape capturing the events in question." *Id*. at 378. Here, the record that arguably blatantly contradicts" Plaintiff's account is the medical records put together by individuals also employed at the Michigan Department of Corrections and potential defendants with an incentive to downplay the significance of Plaintiff's injuries. The medical records reflect that Plaintiff reported pain in his right arm on several occasions, including right after the incident,

4

and that he was given some limited forms of medication for that pain. Although Plaintiff's refusal to report for an x-ray could signal minimal injury, it could also be the result of Plaintiff's delusion. In any event, Plaintiff's reports of gratuitous physical force and more than *de minimis* injury are not blatantly contradicted by the medical records in the case. Accordingly, the Court does not adopt the Recommendation as Plaintiff's excessive force claim.

## III.  DELIBERATE INDIFFERENCE TO MEDICAL NEED

The Court agrees with the Recommendation that Defendants are entitled to summary judgment on Plaintiff's claim that they showed deliberate indifference to his medical need. "[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on this claim, Plaintiff must first show an objective component: "that the medical need at issue is 'sufficiently serious.'" *Id*. at 702-703 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Plaintiff must also establish that "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Id*. at 703 (citing *Farmer*, 511 U.S. at 837). Even if Plaintiff could prove that his medical need was sufficiently serious, he received medical care within a matter of hours after the incident with Defendants King and Hair. Moreover, he refused an x-ray scheduled for a week later. Plaintiff cannot succeed on a claim that Defendants were deliberately indifferent to his medical needs when he received medical care the same day of the incident and then rejected additional care. Plaintiff does not object to the Magistrate Judge's finding that Plaintiff did not suffer any serious medical need after the alleged

5

food-throwing incident with Defendant Gardner. Accordingly, the Court adopts the Recommendation as to Plaintiff's claim of deliberate indifference of medical need.

## V. UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

As with Plaintiff's claims of assault, Defendants did not present any evidence or argument contradicting Plaintiff's statement that Defendants threw his food or food trays on the floor and thus violated the Eighth Amendment's prohibition against unconstitutional conditions of confinement. During his deposition, Plaintiff identified only Defendant Gardner as engaging in this behavior, and Plaintiff did not object to the Magistrate Judge's finding that this allegation applied only to Defendant Gardner. During his deposition Plaintiff stated that Defendant Gardner would also tamper with Plaintiff's food by inserting bodily fluids into the food, but he does not allege these facts in his complaint. The Magistrate Judge found that the claim of tampering with the food, but not throwing the food, survived summary judgment. Neither Plaintiff nor Defendants objected to this Recommendation.

The Court disagrees with the Magistrate Judge's position that, in theory, food thrown on the ground cannot meet the standard for unconstitutional confinement. *See, e.g., Berryman v. Johnson*, 940 F.2d 658 (table), 1991 WL 150808, *9-10 (6th Cir. 1991) (plaintiff's food was exposed to cockroaches, mice and birds, and food was placed on cracked and dirty trays). Plaintiff's factual allegations, however, do not rise to the level of extreme deprivation, because he did not assert that the food was inedible due to unsanitary conditions or that he became sick after eating food that had landed on the floor. Moreover, Plaintiff did not object to the Recommendation that the alleged food throwing did not qualify as an unconstitutional condition of confinement.

The Court questions whether a claim for unconstitutional condition of confinement based on food tampering can be considered either by the Magistrate Judge or the Court. Although Plaintiff discussed Defendant Gardner's alleged food tampering in his deposition, he did not make any factual allegations of food tampering in his complaint. Moreover, the record does not reflect whether Plaintiff exhausted his administrative remedies as to his allegations of food tampering. Defendants chose not to address this claim in their summary judgment papers, however, nor did they object to the Recommendation that a claim based on food tampering survive. Accordingly, the Court adopts the Recommendation.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed February 3, 2011, is approved and rejected in part, consistent with this Order.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (docket # 37) is **GRANTED IN PART** and **DENIED IN PART**.

1. Summary judgment is **DENIED** on Plaintiff's assault and battery claims against all Defendants.

2. Summary judgment is **DENIED** on Plaintiff's Eighth Amendment claim of excessive force against Defendants King and Hair.

3. Summary judgment is **GRANTED** on Plaintiff's Eighth Amendment claim of deliberate indifference to a medical need against all Defendants.

4. Summary judgment is **DENIED** on Plaintiff's Eighth Amendment claim of unconstitutional condition of confinement against Defendant Gardner.

5. Summary judgement is **GRANTED** on Plaintiff's gross negligence claims against all Defendants.

Dated:   March 3, 2011         /s/ Robert J. Jonker
                               ROBERT J. JONKER
                               UNITED STATES DISTRICT JUDGE